## In re Woods of Pebble Hill

*Peter F. Baughman*, for appellant.

MALIN, Chairman, October 27, 1971.—This is an appeal from an order of the Bucks County Department of Health dated December 17, 1971, denying applications by Castlewood Building Company for on-site sewage system permits. The applications are for 16 lots in the development known as Woods of Pebble Hill, and were denied for the following reasons:

"1. Soil and geological conditions are such as to preclude safe and proper operation of the proposed installation.

"2. The proposed systems will not adequately protect the public health."

A hearing was held on April 20, 1972, before M. Melvin Shralow, Esq., hearing examiner.

### FINDINGS OF FACT

1. Woods of Pebble Hill is a residential development covering a tract of approximately 60 acres purchased by appellant, Castlewood Building Company, in November of 1965.

2. The development consists of 54 lots, of which

36 have been sold and built upon. Homes in the development are built by the individual purchasers.

3. In July and August of 1971, appellant applied for on-site sewage system permits for 16 of the remaining lots in the development. A hearing was held by the Bucks County Department of Health on December 14, 1971, resulting in the order of December 17, 1971, from which the instant appeal has been taken.

4. The applications submitted by appellant were in proper form and met the requirements of the Bucks County Department of Health Rules and Regulations governing individual sewage disposal.

5. The applications were based, in part, upon the results of percolation tests conducted by Edwin F. Faunce, Jr., P.E., of Engineering & Planning Associates, Inc., as contained in a report dated December 13, 1965.

6. As a result of the Faunce report, the Bucks County Department of Health issued a letter to the Bucks County Planning Commission dated December 20, 1965, stating that the tract "is considered suitable for on-lot sewage disposal systems with on-lot water supplies." This letter, attesting to the feasibility of the project, was a prerequisite to recording the subdivision plan for the development.

7. Before acting upon the instant applications, representatives of the Bucks County Department of Health visited the site on several occasions. These visits revealed that water which had accumulated in holes found at various locations on the site was remaining in those holes and was not receding in accordance with normal percolation.

8. There is a layer of compact clay approximately two feet below the natural surface in this area which acts as a "fragipan" or natural barrier to ground water percolation.

9. There is evidence that the natural water table

in the area sometimes rises to within eight inches of the land surface. This probably is a "perched water table" which rests upon the clay layer, rather than the ground water table, which occurs at much greater depths below the surface.

10. Some of the homes erected on the tract have experienced difficulties with their on-site sewage systems. The exact cause of these problems is not known.

11. Part of the tract was filled by the developer subsequent to the submission of the Faunce report.

12. The soil types existing at this tract are not desirable for on-site sewage systems.

13. No percolation tests were conducted at the site by the Bucks County Department of Health, but the visual observations by its representatives are inconsistent with the results of the tests reported by Mr. Faunce.

## DISCUSSION

Appellant has filed applications and supporting data which appear to comply with all of the regulations of the Bucks County Department of Health for the installation of on-site sewage systems. After submission of the data in 1965, the developer received feasibility approval and proceeded to make significant expenditures for streets, curbing, storm drains and other improvements on the tract. The developer sold many lots, and homes were erected on them by the purchasers.

In 1971 the developer applied for additional permits, and was turned down because problems with existing on-site systems and visual observations of water on the tract created doubts as to the reliability of the percolation data submitted in 1965.

The on-side observations and the submitted data are irreconcilable. If the fears of the Bucks County Department of Health are correct, a health hazard and

pollution or danger of pollution would be created by permitting the installation of on-site sewage systems on any additional lots in the tract. On the other hand, the developer has expended substantial amounts of money and should not be precluded from developing the lots in the absence of actual test data indicating the unsuitability of the soil for such systems. An additional factor not dealt with by the submitted data is the existence of filled areas on the tract which were created subsequent to the report.

In light of the conflicting evidence, and because of the serious economic consequences to the developer, this matter should be remanded for further testing to determine the suitability of the soil for on-site sewage systems as of the present time.

Accordingly, we enter the following

## ORDER

1. This matter is hereby remanded to the Bucks County Department of Health for further proceedings in accordance with this order.

2. Appellant shall specify the exact location of the proposed on-site sewage disposal system on each lot.

3. Appellant shall conduct new percolation tests and water table measurements at those sites. Notice of these tests and an opportunity to be present shall be given to the Bucks County Department of Health.

4. The Bucks County Department of Health may conduct similar tests if it so desires. Notice of these tests and an opportunity to be present shall be given to appellant.

5. If any of the tests proposed by either party are objectionable to the other party, such objections shall be referred to this board.

6. After the submission of the results of these tests and their evaluation, the Bucks County Department

of Health shall issue such order with respect to each application as it shall deem appropriate.

7. Appellant shall have the right of appeal from any of such order.

8. Nothing herein contained shall prohibit appellant from withdrawing its application with respect to any lot and filing a new application, or from amending the existing application for any lot, and the testing procedures shall be followed for the new or amended application.